

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF | ) Magistrate Case No.: **'07 MJ 8888** |
| | ) |
| One Sony Ericsson Cellular Telephone | ) AFFIDAVIT OF ICE SPECIAL |
| Serial Number:   612KPWQO154953 | ) AGENT STEWART E. HARVEY |
| FCC ID Number:  BEJVX9900 | ) IN SUPPORT OF SEARCH |
| | ) WARRANT APPLICATION |
| One Motorola i830 Cellular Telephone | ) |
| Model Number: H74XAH6RR4AN | ) |
| Serial Number: 364THG17LK | ) |
| FCC ID Number: AZ489FT5828 | ) |
| _____ | ) |

I, Stewart Harvey, being first duly sworn, hereby depose and say:

## PURPOSE

1. This affidavit is made in support of an application for a search warrant for federal agents to search the following cellular telephones for electronic data that constitutes evidence of the commission of a criminal offense, and electronic data which is and has been used as the means for committing a criminal offense: one Sony Ericsson Cellular Telephone, Serial Number: BD302H8GDM, FCC ID Number: PY7AF052033; one Motorola i830 Cellular Telephone, Model Number: H74XAH6RR4AN, Serial Number: 364THG17LK, FCC ID Number: AZ489FT5828.

## BACKGROUND AND EXPERTISE

2. I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement, and have been so employed since October of 2006. I have worked for ICE for approximately eleven months as a Special Agent. I have a Bachelor of Science in Criminal Justice Administration from San Diego State University. I am a graduate of the twelve-week Criminal Investigator Course at the Federal Law Enforcement Training Center, and the twelve-week Immigration and Customs Enforcement, Special Agent Training Program. I

have received training in identifying various controlled substances and the conduct of controlled substances (Title 21) investigations. I have spoken with other agents with extensive experience in controlled substances investigations.

3.  I am currently assigned to the ICE, Office of the Assistant Special Agent in Charge (ASAC), Office of Investigations, El Centro, California. I am assigned to conduct investigations of criminal violations relating to the smuggling and transportation of controlled substances. I have personally arrested or participated in the arrest of several persons for violations of the Controlled Substances Act. In each of these cases, I have conducted interviews with the arrested persons and with their associates. Through these interviews, I have gained a working knowledge and insight into the typical working of controlled substance traffickers and smugglers. I have also gained extensive information as to the normal operational habits of persons who make their living as controlled substance traffickers.

4.  Through the course of my duties, I have talked with experienced controlled substances investigators about the activities of controlled substances traffickers and I have received on the job training dealing with the activities of controlled substances traffickers practiced locally. I am aware that it is a common practice for controlled substances traffickers to use cellular telephones, pagers and portable radios to maintain communications with co-conspirators to further their criminal activities. I have made numerous arrests for violations of Title 21 of the United States Code, and am familiar with the identification of all types of controlled substances by sight and color.

5.  This statement is made in support of an application for a search warrant to search two cellular telephones that are believed to contain evidence of violations of Title 21, United States Code, Sections 952 and 960, importation of a controlled substance, Title 21, United States Code, Sections 841(a)(1), possession of a controlled substance with intent to distribute, and Title 21 United States Code Section 846, attempt and conspiracy.

6. This affidavit does not contain all of the information known to federal agents regarding this investigation, but rather, contains only those facts believed to be necessary to establish probable cause.

7. Based upon my training and experience as a special agent, consultations with other special agents and law enforcement officers experienced in controlled substance trafficking investigations and all the facts and opinions set forth in this affidavit, I submit the following:

   a. Drug traffickers will use cellular phones because they are mobile and they have instant access to phone calls and voice messages;

   b. Drug traffickers believe that cellular phones provide greater insulation and protection against court-ordered wiretaps and they believe in the inability of law enforcement personnel to simultaneously track the originating and destination phone numbers of calls placed to and from their cellular phones;

   c. ICE agents will deliver the cellular phone to cellular phone forensic examiners at the ICE special agent-in-charge San Diego forensics group. These examiners may be able to determine the personal identification number, turn on the cellular phone, and retrieve data from the cellular phone. Unlike typical computers, cellular phones do not have hard drives and store information in volatile memory. Current technology does not provide solutions for imaging the data stored in cellular phone memory. Consequently, the phone will have to be powered up and turned on by a forensics examiner. The examination may be delayed due to the lack of the appropriate charging device. The examiner will need to manually examine the cellular phone and its functions and record their findings using digital photography. This process is time and labor intensive and, depending upon the workload of the few certified cellular phone forensic examiners available, may take weeks or longer.

## SUMMARY OF INVESTIGATION / FACTS SUPPORTING PROBABLE CAUSE

8. This affidavit is based on the reports and documents furnished to U. S. Immigration & Customs Enforcement Special Agent Stewart E. Harvey.

9. On August 1, 2007, I, Special Agent Stewart E. Harvey, responded to the Calexico, Ca. West Port of Entry (POE) regarding a seizure of methamphetamine.

10. According to an incident report prepared by U. S. Customs & Border Protection Officer (CBPO) Hooper, on August 1, 2007, Edna Karina MARTINEZ-Mendoza, the driver of a 1995 Dodge Ram 1500 with two minor children passengers, attempted to enter the United States at the Calexico, California, West Port of Entry. During the primary inspection CBPO Hooper observed MARTINEZ's hand trembling during routine questioning.

11. According to an incident report prepared by CBPO Carp, MARTINEZ stated she and her husband owned the vehicle. MARTINEZ further stated she was going to Calexico, California. CBPO Hooper then opted to further inspect the vehicle. CBPO Hooper then tapped the spare tire of the vehicle and felt it was solid. CBPO Hooper then utilized his hand held mirror and observed the wheel had shiny markings, which indicated the spare tire was recently mounted on the vehicle.

12. According to an incident report prepared by CBPO Hooper, he requested Canine Enforcement Officer (CEO) Pyburn to utilize his Narcotics Detector Dog (NDD) to screen the vehicle. CEO Pyburn's NDD alerted to the gas tank area of the vehicle. Upon notification of the positive alert, CBPO Hooper subsequently escorted MARTINEZ and the vehicle to the vehicle secondary inspection lot.

13. According to an incident report prepared by CBPO Hooper, he attempted to remove the spare tire of the vehicle by using the spare tire wrench, located behind the seat of the vehicle. The spare tire wrench was broken, however, CBPO Hooper observed a box wrench, size 5/8 and 11/16, also behind the seat of the vehicle. CBPO Hooper then noticed the wrench found behind

the seat attached perfectly, which enabled him to remove the spare tire of the vehicle. CBPO Hooper then cut open the spare tire and retrieved a sample from a plastic container inside the tire, which field-tested positive for methamphetamine, a Schedule II Controlled Substance.

14.  According to an incident report prepared by CBPO Hooper, CBPO Von Loesch discovered twenty-two (22) packages in the spare tire. Seventeen (17) of the packages in the spare tire were wrapped in clear plastic with a detergent substance mixed in the wrapping. The remaining five (5) packages were plastic containers wrapped in brown postal tape with a ground pepper substance mixed in the wrapping. The gas tank of the vehicle was then removed from the vehicle. CBPO Von Loesch observed a specially built compartment, with packages visible, on the top part of the gas tank. A total of twenty-six (26) packages were removed from the vehicle's gas tank. The twenty-six (26) packages were wrapped in clear plastic with a detergent substance mixed in the wrapping. CBPO Von Loesch then proceeded with the inspection of the vehicle and removed sixteen (16) packages from the interior panel of the driver's side door. The sixteen (16) packages were also wrapped in clear plastic with a detergent substance mixed in the wrapping. A total of sixty-four (64) packages with a total weight of 31.04 kilograms (68.291 pounds) of methamphetamine were retrieved from the vehicle. Officer Von Loesch also took several photographs of the vehicle, the vehicle's compartment, and the contraband that was seized. The methamphetamine was processed and turned over to the Seized Property Custodian pending transfer to the Drug Enforcement Administration (DEA) laboratory in Vista, CA.

15.  Your affiant located one Sony Ericsson Cellular Telephone (Serial Number: BD302H8GDM, FCC ID Number: PY7AF052033) and one Motorola i830 Cellular Telephone (Model Number: H74XAH6RR4AN, Serial Number: 364THG17LK, FCC ID Number: AZ489FT5828) in the purse of MARTINEZ. MARTINEZ's purse was located inside of the 1995 Dodge Ram 1500.

16. On August 2, 2007, your affiant verbally advised MARTINEZ of her constitutional rights per Miranda. MARTINEZ advised she understood her rights and was willing to answer questions without the presence of an attorney.

17. Your affiant questioned MARTINEZ about the vehicle and the packages of methamphetamine. MARTINEZ denied knowledge of the methamphetamine found in the vehicle. MARTINEZ stated the vehicle belongs to Guillermo Argil Leon. When asked how she knows Leon, MARTINEZ stated she knows him from a house she cleans in El Centro, California. MARTINEZ said Leon is the gardener of the house. When asked what the address of the house is, MARTINEZ said she didn't know. MARTINEZ stated she has known Leon for three months. MARTINEZ further stated she knows Leon's wife, Reyna Last Name Unknown (LNU). When asked how she knows Leon's wife, MARTINEZ stated she gives her massages and pedicures.

18. MARTINEZ stated it was the second time she crossed in the vehicle. MARTINEZ stated she previously owned a Ford Expedition that was stolen from her house on July 31, 2007. MARTINEZ stated she had owned the Ford Expedition for one day. MARTINEZ stated the Dodge Ram 1500 was lent to her after her Ford Expedition was stolen. MARTINEZ stated she also owns a Dodge Neon that is currently broken down.

19. On the day of her arrest, between 1100 to 1200 hours, MARTINEZ stated she crossed through the pedestrian crossing at the Calexico, California West POE and went to "Best Beauty Supply" in Calexico, California. MARTINEZ stated she then went to a house in Mexicali, Mexico to give a massage to Reyna LNU. When asked where the house was located, MARTINEZ said in "Fracc. Monte Carlo". MARTINEZ said the house belonged to one of Reyna LNU's friends. After finishing the massage, MARTINEZ said she took her children to a day care in Mexicali, Mexico. MARTINEZ said she went to her house to turn off the lights. MARTINEZ then stated Edgar Gutierrez, one of the two minor passengers in the pickup truck,

called her and told her to pick him up because he had hurt his arm. MARTINEZ stated she went to pick him up at the corner where "Bancomer" is located. After picking up Gutierrez, MARTINEZ stated she drove to the border.

20. On August 2, 2007, MARTINEZ was transported to the Imperial County Jail to await her Initial Appearance before a U. S. Magistrate Judge.

21. On August 3, 2007, MARTINEZ was arraigned before U. S. Magistrate Judge Joseph Schmitt on a complaint for violation of Title 21, United States Codes, 952 and 960, Importation of a Controlled Substance (31.04 kilograms of methamphetamine).

22. On August 16, 2007, MARTINEZ was arraigned before U. S. Magistrate Judge Peter C. Lewis on a two count indictment, Title 21, United States Codes, 952 & 960 Importation of Methamphetamine and Title 21, United States Code, 841(a)(1) Possession of Methamphetamine with Intent to Distribute.

23. A Motion Hearing is scheduled on October 29, 2007, before U. S. District Court Judge Marilyn L. Huff.

### DESCRIPTION OF PROPERTY/ITEMS TO BE SEARCHED

24. The property/items to be searched are further described as a one Sony Ericsson Cellular Telephone, Serial Number: BD302H8GDM, FCC ID Number: PY7AF052033; one Motorola i830 Cellular Telephone, Model Number: H74XAH6RR4AN, Serial Number: 364THG17LK, FCC ID Number: AZ489FT5828.

### DESCRIPTION OF PROPERTY/ITEMS TO BE SEIZED

25. The items to be seized from each cellular phone are electronic data that constitute evidence of the commission of a criminal offense, and electronic data that is and has been used as the means for committing a criminal offense. The specific criminal offenses involved are violations of Title 21, United States Code, Sections 952 and 960, Importation of a Controlled

Substance and Title 21, United States Code, Section 841(a)(1) and 846, Conspiracy to Possess a Controlled Substance with Intent to Distribute.

The items to be seized include the electronic data described below:

a. The phone numbers and/or direct connect and/or names and identities assigned to the cellular phone;

b. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names and identities stored in the directories;

c. Phone numbers and direct connect numbers dialed from the cellular phone and stored in memory;

d. The last number dialed from the cellular phone and;

Any other electronic information in the stored memory of the cellular phone, including but not limited to text messages and voicemail, relating to violations of Title 21, United States Code, Sections 952 and 960, Importation of a Controlled Substance and Title 21, United States Code, Section 841(a)(1) and 846, Conspiracy to Possess a Controlled Substance with Intent to Distribute.

## CONCLUSION

26. Based on the facts contained in this affidavit and my experience and training, I submit that there is probable cause to believe that one Sony Ericsson Cellular Telephone, Serial Number: BD302H8GDM, FCC ID Number: PY7AF052033 and one Motorola i830 Cellular Telephone, Model Number: H74XAH6RR4AN, Serial Number: 364THG17LK, FCC ID Number: AZ489FT5828, contains evidence of violations of Title 21, United States Code, Sections 952 and 960, Importation of a Controlled Substance and Title 21, United States Code, Section 841(a)(1), and 846, Conspiracy to Possess a Controlled Substance with Intent to Distribute. Further, I believe that the above-described property/items to be seized will be found when this warrant is served and based on the above-listed probable cause, I specifically request

authority to seize the items described above and in Attachment B hereto (which is incorporated by reference herein). Therefore, for the reasons set forth in this affidavit and application, I respectfully request that a separate search warrant be issued for cellular phones.

27. I, or any other duly authorized federal agent, will personally serve the warrant requested above, and will be assisted by other duly authorized federal investigators.

28. I have prepared this affidavit in close consultation with several federal agents with whom I work in the Southern District of California.

I swear the foregoing is true and correct to the best of my knowledge and belief.

STEWART E. HARVEY
Special Agent
U.S. Immigration & Customs Enforcement


SUBSCRIBED AND SWORN TO BEFORE THIS 29th DAY OF OCTOBER 2007.

PETER C. LEWIS
United States Magistrate Judge